UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-13138 |
| | : | CHAPTER 7 |
| PAUL M. ANDRZEJEWSKI AND | : | |
| MICHELLE L. ANDRZEJEWSKI, | : | |
| DEBTORS | : | |
| | : | |
| GARY V. SKIBA, TRUSTEE, Movant | : | DOCUMENT NOS. 11 AND 20 |
| VS. | : | |
| PAUL M. ANDRZEJEWSKI AND | : | |
| MICHELLE L. ANDRZEJEWSKI, | : | |
| Respondents | : | |

APPEARANCES:

GARY V. SKIBA, ESQ., ERIE, PA, TRUSTEE AND ATTORNEY PRO SE
SUMNER E. NICHOLS, ESQ., ERIE, PA, ATTORNEY FOR DEBTORS

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

MARCH      9     , 2006

OPINION

Introduction

Paul M. Andrzejewski ("Mr. Andrzejewski") and Michelle L. Andrzejewski ("Mrs. Andrzejewski") (or Mr. And Mrs. Andrzejewski collectively, the "Debtors") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on November 29, 2004. Gary V. Skiba, Esq. ("Trustee") serves as Chapter 7 Trustee. Presently before the Court are the Trustee's Objection to Claim for Exemption and the Trustee's Objection to Second Amended Claim for Exemption. The Trustee objects to Debtors' claim of exemption in an Individual Retirement Account ("IRA") to the extent that the Debtors' interest exceeds the amount that the Debtors may claim as

1

exempt under §522(d)(5).[1]

The Trustee also objects to the Debtors' claim of exemption pursuant to §522(d)(11)(D) and §522(d)(11)(E) in a court action for injuries sustained in a motor vehicle accident.

IRA

The Debtors list, in an Amended Schedule B, an IRA valued at $18,974 and claim an exemption under §522(d)(10)(E) in the amount of $13,499 and an exemption under §522(d)(5) in the amount of $5,475. The Trustee has no objection to the exemption claimed under §522(d)(5), but asserts that the exemption claimed pursuant to §522(d)(10)(E) is not available because the Debtors are not presently receiving payments from the IRA.

In accordance with the recent decisions of the United States District Court for the Western District of Pennsylvania in the cases of Skiba v. Auman (In re Auman), 2006 WL 278153, Civil Action No. 05-261 Erie (WD PA February 3, 2006) (J. McLaughlin) reversing In re Auman, Bankr. No. 05-11208, Document No. 10 (Bankr. WD PA July 28, 2005) (J. Bentz) and Reutzel v. Roeder (In re Reutzel), Civil Action No. 05-300 Erie (WD PA Feb. 13, 2006 (J. McLaughlin) affirming In re Reutzel, Bankr. No. 04-10092, Document No. 88 (Bankr. WD PA Aug. 30, 2005) (J. Bentz), the Trustee's Objection to the Debtors' claim of exemption in the amount of $13,499 in the IRA under 11 U.S.C. §522(d)(10)(E) must be sustained.

---

[1] All references to Code sections are to title 11 of the United States Code unless otherwise indicated.

<u>Personal Injury Claim</u>

Debtor, Mr. Andrzejewski, received back and neck injuries as a result of an automobile accident in 2000. Mr. Andrzejewski's personal injury claim arising from the accident was recently settled for $15,000 with a net recovery of $10,500 to Mr. Andrzejewski, after payment of attorney's fees and costs. Mr. Andrzejewski claims the entire amount of the settlement as exempt under §522(d)(11)(D) and §522(d)(11)(E).

11 U.S.C. §522(d)(11)(E) provides that a debtor may claim as exempt:

> (D) a payment, not to exceed $18,450 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;

11 U.S.C. §522(d)(11)(D).

We discussed this provision extensively in the case of <u>In re Claude</u>, 206 BR 304 (Bankr. WD PA 1997). As in the <u>Claude</u> case, there is no dispute that Mr. Andrzejewski received a serious bodily injury. The injury warranted a $15,000 damage award. The exemptions claimed in the personal injury award will be allowed under §522(d)(11)(D).

An appropriate Order will be entered.

/s/
Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-13138 |
| | : | CHAPTER 7 |
| PAUL M. ANDRZEJEWSKI AND | : | |
| MICHELLE L. ANDRZEJEWSKI, | : | |
| DEBTORS | : | |
| | : | |
| GARY V. SKIBA, TRUSTEE, Movant | : | DOCUMENT NOS. 11 AND 20 |
| VS. | : | |
| PAUL M. ANDRZEJEWSKI AND | : | |
| MICHELLE L. ANDRZEJEWSKI, | : | |
| Respondents | : | |

## ORDER

This ___9___ day of March, 2006, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The Trustee's Objection to Claim for Exemption in a Roth IRA is SUSTAINED and the Debtors' exemption in the Roth IRA is limited to $5,475 under 11 U.S.C. §522(d)(5). Debtors shall turn over to the Trustee all amounts in the IRA in excess of $5,475 less the amount necessary to pay the tax and early withdrawal penalty that the Debtors will incur upon liquidation.

2. The Trustee's Objection to Claim for Exemption of amounts recoverable in a civil action for injuries sustained in a motor vehicle accident is REFUSED.

      /s/
Warren W. Bentz
United States Bankruptcy Judge

c: Gary V. Skiba, Esq.
Sumner E. Nichols, Esq.